Garre, Gregory G.
Direct Dial: +1 202.637.2207
gregory.garre@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

# LATHAM & WATKINS LLP

March 13, 2025

Hon. Clifton Cislak
Clerk of the Court
U.S. Court of Appeals
  for the District of Columbia Circuit
333 Constitution Avenue, NW
Washington, DC 20001

Re:   *United States et al. v. Google LLC*, No. 25-5016 (Oral Argument Not Yet Scheduled)

Dear Mr. Cislak:

Pursuant to Rule 28(j), counsel for Apple writes in response to Plaintiffs' notice of supplemental authority. Contrary to Plaintiffs' contentions, the Revised Proposed Final Judgments (RPFJs) only underscore the district court's error in denying Apple's intervention motion.

Plaintiffs' RPFJ continues to single out Apple for unique and disfavored treatment. Under the RPFJ, Google must not provide "anything of value to Apple" for default status or preferential treatment. Pls.' Revised PFJ, Dkt. No. 1184-1. But Plaintiffs now go further when it comes to choice screens—a display in which users can select their own default search provider. *Id.* While "Non-Apple Third Parties," are permitted to receive payment for placement on choice screens under certain conditions, Apple alone is categorically barred from receiving *any* "payments for Choice Screens." *Id.* at 26-30. Plaintiffs neither justify nor explain this differential treatment. They instead continue to penalize Apple in the futile hope that Apple will create a general search engine. *See* Pls.' Exec. Summary, Dkt. No. 1184 at 13 (referencing Apple's choice not to enter the general search market). And the RPFJ does nothing to cure the Hobson's Choice Apple faces: Apple can either limit distribution of Google Search, harming both users and Apple itself, or it can distribute Google for free, thereby providing Google a competitive advantage.

Nor does the RPFJ support Plaintiffs' fallback argument based on adequacy of representation—which the district court did not adopt below. Pls.' Letter at 1. Nothing in the RPFJ suggests that Google will have the same incentive to defend *Apple's* receipt of revenue for distributing Google Search if or once default status is off the table. To the contrary, Google continues to press its view that Apple should receive revenue for distributing Google Search only if Google is afforded default status.

LATHAM&WATKINS LLP

      While Plaintiffs have tweaked it around the edges, Plaintiffs are still targeting Apple with a unique and sweeping remedial proposal.  It was not "clear" to Apple that Plaintiffs would pursue such an extraordinary approach, thereby rendering Google unable to adequately represent Apple's interests.  Apple therefore has a right to intervene.

                                               Respectfully submitted,

                                               */s/ Gregory G. Garre*
                                               Gregory G. Garre
                                               of LATHAM & WATKINS LLP

cc:     Counsel of Record via CM/ECF